Filed 9/13/23  P. v. Lindsay CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

TIELMAN RICHARD LINDSAY,

    Defendant and Appellant.

E080686

(Super.Ct.No. FWV21002587)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed.

Michelle T. LiVecchi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Tielman Richard Lindsay appeals from an order denying his motion to withdraw his plea.  For the reasons set forth *post*, we affirm the judgment.

1

## STATEMENT OF THE CASE

On December 12, 2021, an information charged defendant with carjacking under Penal Code[1] section 215, subdivision (a)[2] (count 1); assault by a machine gun or assault weapon under Penal Code section 245, subdivision (a)(3) (counts 3, 4, 5); "evading an officer, willful disregard," under Vehicle Code section 2800.2, subdivision (a) (count 6); evading an officer against traffic under Vehicle code section 2800.4 (count 7); driving or taking a vehicle without consent under Vehicle Code section 10851, subdivision (a) (count 8); receiving a stolen vehicle under Penal Code section 496d (count 9); possession of an assault weapon under Penal Code section 30605, subdivision (a) (count 10); and a misdemeanor violation of resisting, obstructing, delaying of a police officer or EMT under Penal Code section 148, subdivision (a)(1).

On August 12, 2022, defendant entered into a plea agreement. Defendant pled no contest to carjacking under section 215, subdivision (a) (count 1), and admitted to using a firearm under section 12022.53, subdivision (b).

On January 4, 2023, defendant filed a motion to withdraw his guilty plea. The People filed their opposition to the motion on January 10, 2023  On January 19, 2023, defendant filed a declaration in support of his motion to withdraw his plea.

_____

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The information also charged the codefendant Angela Marie Lindsay with carjacking under section 215, subdivision (a) (count 2), and counts 8, 9, and 10. Codefendant Lindsay is not a party to this appeal.

On January 19, 2023, the trial court denied defendant's motion to withdraw the plea, dismissed the remaining counts, and sentenced defendant in accordance with the plea agreement for an aggregate term of 19 years.

On February 10, 2023, defendant filed a timely notice of appeal from the denial of his "Motion to Withdraw Plea." In his notice of appeal, defendant also requested a certificate of probable cause; the trial court denied defendant's request.

## STATEMENT OF FACTS[3]

At 8:34 p.m. on July 9, 2021, David Janusz, a sergeant with the Fontana City Police Department, heard a dispatch broadcasting a "hit on a felony vehicle around Sierra and Valley in the city of Fontana." Sergeant Janusz located the vehicle, which was a white Hyundai Elantra. When the sergeant attempted to initiate a traffic stop of the Elantra, the driver fled in the vehicle. Thereafter, a high-speed pursuit ensued: "It was a lengthy pursuit. Approximately an hour and 15 minute pursuit at speeds over 100 miles an hour. They traveled to San Bernardino, out to Moreno Valley, and then back to Mira Loma."

Four other officers joined Sergeant Janusz in the pursuit. During the pursuit, the driver of the Elantra drove against traffic on a freeway and collided with an oncoming vehicle.

---

[3] The statement of facts regarding defendant's plea is taken from the preliminary hearing transcript. The prosecutor and defense counsel stipulated that the preliminary hearing could serve as the factual basis for count 1.

Once defendant and the codefendant were in the Corolla, they continued to flee from the officers. Another "lengthy" pursuit ensued with defendant continuing to drive at high speeds and in an "erratic" manner. At one point, when defendant came to a dead-end street, defendant "drove through a front yard, down a side yard of a residence, and then crashed through a back fence leading onto another major street."

Eventually, defendant pulled into a gas station, and officers were able to apprehend defendant and the codefendant. The officers saw "a black AR-15-style rifle sitting in the center console" of the Corolla.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

1.     "Was the Court's denial of appellant's certificate of probable cause proper?"

2.     "Did the Court err in denying appellant's motion to withdraw the plea?"

After defense counsel filed a brief under *People v. Wende*, we offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's

4

attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____
Acting P. J.

RAPHAEL _____
J.